**C. L. BANKS, Appellant,**

v.

**C. R. ANTHONY COMPANY, Appellee.**

No. 3250.

Court of Civil Appeals of Texas.

Eastland.

Sept. 21, 1956.

Rehearing Denied Oct. 12, 1956.

J. Ray Martin, Snyder, for appellant.

Mays & Leonard, Sweetwater, for appellee.

LONG, Justice.

The parties will carry the same designation here as in the trial court. Plaintiff C. L. Banks brought this suit against defendant C. R. Anthony Company for damages resulting from personal injuries suffered by his wife when she slipped and fell on a stairway in defendant's retail store in Colorado City, Texas. Plaintiff relied upon the following grounds of negligence: (1) the failure of defendant to warn Mrs. Banks of the slippery condition at or near the bottom of the stairway; (2) the failure of defendant to have a hand rail at the bottom of the steps where Mrs. Banks fell; (3) the failure of the defendant to maintain treads on the stairway that were of consistent traction. At the conclusion of the evidence the trial court withdrew the case from the jury and entered judgment that plaintiff take nothing. Plaintiff has appealed.

By his first point plaintiff contends there are issues of fact that should have been submitted to the jury and that the court, therefore, erred in withdrawing the case from the jury and rendering judgment for the defendant. We find no merit in this

contention and said point is overruled. The evidence discloses that on October 5, 1954, and for several years prior thereto defendant operated a retail department store in Colorado City, Texas; that on said date the wife of plaintiff entered said store for the purpose of making a purchase therein. After she entered the store she ascended her right-hand (or west) side of the stairway to look for the article she desired to purchase. On reaching the second floor she was told by one of the clerks that such article was downstairs on the main floor. Mrs. Banks then started back down the stairway on her right-hand (or east) side of the stairway. When she reached the bottom step of the stairway she fell and sustained an injury. Mrs. Banks testified about the fall, "Well, my foot slipped off the bottom step and I fell on the right side." She further testified that she had hold of the hand rail at the time she started to fall. We quote from the testimony of Mrs. Banks as follows:

"Q. Would you tell us whether or not, Mrs. Banks, there was anything different about that bottom step from the other steps? A. Well, it was black and the others were brown.

"Q. And would you tell us whether or not, at the time you were there, it appeared to be recently painted? A. Well, it looked fresh, of course—it looked fresh painted. It was wore a little bit, but it was fresh painted.

"Q. Did you step on that step in any way different from what you had stepped on any of the other steps? A. No, sir, I did not.

"Q. How was the surface of that bottom step? A. Well, what do you mean by 'the surface'?

"Q. When you stepped on it, would you tell us whether or not it was rough, smooth, slick— A. It was slick.

"Q. It was the slipping of your foot, then, that caused you to fall? A. That's right."

There is no showing that the fact that the bottom step was painted a different color from the other steps caused Mrs. Banks to fall, or that this was negligence on the part of the defendant. There is evidence that the stairs were well lighted and that Mrs. Banks actually saw the bottom step prior to her fall. There was no debris on the stairs. There was nothing unusual about the steps. The condition of the steps was open and obvious to anyone using them. Mrs. Banks testified that everything about the steps was open and obvious to her. There is evidence that Mrs. Banks was familiar with the steps as she had used them just a few minutes prior to her fall. After a careful examination of the evidence viewed in its most favorable light to the plaintiff, we have concluded that it is insufficient to justify the submission of the case to the jury and that the trial court properly withdrew the case from the jury and entered judgment for the defendant. The mere fact that Mrs. Banks fell does not establish the liability of defendant. There must be some evidence that defendant was at fault and that such fault caused her injury. There is no evidence that there were any latent defects in the stairs. There is no evidence that defendant was in any way responsible for the stairs being slick, unless it might be inferred that they had become slick by reason of their use over a long period of years. However, if this be assumed, the evidence is undisputed that the condition of the stairs was open, visible and obvious to any reasonably careful person. If it is established that the bottom step was slick at the time Mrs. Banks fell, there is no evidence as to how long said condition had existed or that the defendant had any actual or constructive notice of said condition. Safeway Stores, Inc., of Texas v. Miller, Tex.Civ.App., 110 S.W.2d 927. There is

no evidence that any person had fallen on the stairs at the place where Mrs. Banks fell. There is evidence that four persons had fallen by the post on the west end of the stairway prior thereto; however, there is no evidence that the slick condition, if any, of the stairway had caused these prior falls. In other words, there is no evidence that any act of negligence on the part of the defendant had caused the falls. There is no evidence that defendant, its agents or employees, were guilty of any specific act of negligence which proximately caused Mrs. Banks to fall. It is the settled law of this state that the defendant owed a duty to Mrs. Banks to protect her against conditions of the stairway which would involve an unreasonable risk to her safety, the danger of which would not be open or obvious to a person exercising ordinary care. We do not think that the evidence showed the defendant violated such duty. The following cases support our conclusion: Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Robert E. McKee, General Contractor, v. Patterson, 153

Tex. 517, 271 S.W.2d 391; Rogers v. Collier, Tex.Civ.App., 223 S.W.2d 560.

■ In his original petition plaintiff alleged that the defendant was negligent in failing to provide carpeting, matting or other corrugated material upon the tread of its stairway to prevent a person descending such stairway from falling. The trial court sustained defendant's special exception to this pleading. Plaintiff urges that this was error by his second point. We find no merit in this point and it is overruled. The fact that the stairway was not covered with a non-slippery material was open and obvious to Mrs. Banks at the time she used the stairway. If it was dangerous to use the stairway without it being so covered, such danger was not hidden from Mrs. Banks but was open to her. We hold the defendant did not breach any legal duty he owed Mrs. Banks in failing to cover the stairway. We are supported in this holding by Houston National Bank v. Adair, supra. The judgment of the trial court is affirmed.