**EAGLE LINCOLN–MERCURY, INC.,**
Appellant,

v.

**J. M. HAZLEWOOD, Appellee.**

No. 16637.

Court of Civil Appeals of Texas.

Fort Worth.

May 14, 1965.

Rehearing Denied June 11, 1965.

Leachman, Gardere, Akin, Porter & De-Hay, and Gordon H. Rowe, Jr., Dallas, for appellant.

Carter, Gallagher, Jones & Magee and Joe Hill Jones and Ben Warder, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

This is an "assumption of risk" case.

Plaintiff J. M. Hazlewood was invited by a salesman of the defendant Eagle Lincoln-Mercury, Inc., to accompany him to a place on the latter's premises for the purpose of showing an automobile which he desired to sell to plaintiff. The rear of the automobile was against a wall, and immediately to the left of the automobile was a grease-pit. The grease-pit was some eighteen inches from the left side of the automobile. It was not protected by guard-rails or otherwise, and for our purposes may be treated as a pit opened in the surface of the premises. The presence of and hazard in the pit and its location, considered in connection with the location of the automobile which plaintiff was inspecting, was open and obvious and was actually observed by the plaintiff. Furthermore, the danger and threat of danger to plaintiff of falling into the pit was understood and appreciated by him.

Plaintiff approached the pit and walked alongside the edge of it in order to get to the doors of the automobile; to open and close the doors; to get in and out of the automobile; and ultimately to alight therefrom and come to a standing position on the floor immediately between the vehicle and the edge of the pit,—with full knowledge of a dangerous static condition constituting a hazard to him. In other words, when the plaintiff originally came into proximity with the pit the facts were such that the defendant owed him "no duty" in respect to warning him about or protecting him from the possibility of falling in the pit.

At some time during the course of plaintiff's presence at or in the automobile, or perhaps immediately after he alighted therefrom, such attention as he had theretofore directed to the presence of the pit departed from his consciousness. Such precautionary measures as were theretofore taken by him in order to avoid the hazard of falling into it ceased. He forgot that of which he had theretofore been conscious and aware,

to-wit: that he was in hazardous proximity to the pit. Indeed, the evidence is competent to show that the salesman who was trying to interest the plaintiff in purchasing the automobile, and who remained standing near its left front fender during the course of plaintiff's inspection, had delivered a "sales pitch" of such efficiency that a desire to purchase the automobile displaced all other thoughts from plaintiff's mind. In this "sales pitch" lay the distraction of plaintiff's thoughts and attention so that he forgot the hazards against which he had theretofore taken precautionary measures. He stepped back, or to the side, as he started to return to the area at the front of the automobile, and stepped into the open pit. He did not slip. He stepped into an open hole. He fell into the pit. He sustained serious and perhaps permanent injuries.

On trial plaintiff was acquitted of charges of contributory negligence lodged against him in connection with any failure to keep a proper lookout. Defendant was convicted of negligence in failing to warn plaintiff of the location of the grease-pit, in failing to have a barricade around it, and in showing the automobile to a prospective purchaser when it was located in such close proximity to the pit. The court held against the defendant on the contention advanced by its pleading, viz.: " * * * that the condition complained of by plaintiff was open and obvious; that said condition was as readily apparent to plaintiff as to defendant; and that the danger, if any, of using the premises in the area adjacent to the condition in question was such that the plaintiff, in the exercise of ordinary care for his own safety, was aware of and appreciated it." Judgment for substantial damages was rendered for plaintiff and against the defendant, from which this appeal was taken.

For our purposes we may safely treat the presence of the grease-pit, in relation to the location and position of the automobile being inspected by the plaintiff, as a dangerous condition. Obviously it was a static condition. The risk of harm to an invitee

upon the premises was the hazard of a fall into the open pit.

We believe the defendant invoked in its defense the "no duty" doctrine. The plaintiff contends that the pleading was inadequate for such purpose in that it contained language which destroyed its efficacy. Such language lies in the defendant's use of the phrase "in the exercise of ordinary care for his own safety" in connection with plaintiff's awareness and appreciation of the danger in the physical condition of the premises. The "no duty" doctrine is not to be invoked when an invitee *should have* known of and appreciated dangers but does not actually know and appreciate such and is not to be charged therewith as a matter of law. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup., 1963). There was no defect in the defendant's pleading because of the phraseology adopted.

The evidence established applicability of the "no duty" doctrine as a defense *unless* the evidence of the plaintiff concerning his momentary forgetfulness, coupled with additional proof which established that a cause of the forgetfulness was the persuasiveness and effect upon the plaintiff's mind by the "sales pitch" of its agent, created a fact question upon which the court's presumed finding enabled avoidance of the defense.

Our conclusion and holding is that plaintiff's evidence could have done no more than establish that his momentary forgetfulness was non-negligent. It could not have had the effect of imposing upon the defendant a duty, under any theory of tort, which had not theretofore existed and which condition would have continued had the plaintiff not experienced his forgetfulness. Defendant was entitled to prevail against plaintiff in so far as the "no duty" doctrine has application.

The "no duty" doctrine, as applied to open and obvious dangers inherent in static conditions upon an occupier's premises, of which an invitee is aware, and the dangers of which he appreciates, operates so as to relieve the occupier of any duty to give warning. He is not obliged to protect the invitee from such dangers. In a suit for damages brought by an invitee against the occupier, the latter—as the defendant,—if he pleads the defense of "no duty" in avoidance or as an affirmative defense under the provisions of Texas Rules of Civil Procedure, Rule 94, "Affirmative Defenses",—is entitled to cast a burden upon the invitee to prove not only that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but also (upon the introduction of defendant's evidence which raises an issue under the defense so plead) to prove as a part of his plaintiff's case that the occupier owed him a duty to take reasonable precautions to warn him or protect him from such danger, i. e., to negative the "no duty" doctrine thereby invoked. If plaintiff cannot make this proof the defendant will have successfully defeated his claim as founded on negligence in such connection. If plaintiff, as an invitee, knows and appreciates the danger, and nevertheless proceeds, he cannot recover. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup., 1963).

In this case we are not presented with that character of distraction which a plaintiff might contend amounted to negligence in and of itself. We are not presented with a situation wherein the defendant discovered the fact that the plaintiff was momentarily forgetful of the danger in time to remind him thereof or take steps to protect him. The salesman never did anything to frighten or startle the plaintiff, and he was as surprised as the plaintiff when the latter overstepped and fell into the pit. However, plaintiff seeks support for the judgment in his forgetfulness and in the fact that it was caused (at least in part)

by the "sales pitch" of the salesman. Evidence to such effect would only have a bearing upon plaintiff's contributory negligence, if any, and would not operate to create any duty (owed to him) by defendant where "no duty" was theretofore existent.

In support of his contention plaintiff cites Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625 (1941), reversing the Court of Civil Appeals opinion at 131 S.W.2d 650. An invitee's forgetfulness was involved. Although the "no duty" doctrine was asserted (see the Court of Civil Appeals opinion) the evidence fell short of establishing that plaintiff-invitee ever actually "knew and appreciated the risk" or that under the circumstances she would be legally charged with such "knowledge" and/or "appreciation". Discussion to be observed on page 630 (Volume 154 of the Southwestern Reporter, Second Series) merely had application to the contributory negligence charged against the plaintiff. The ultimate holding, made at the conclusion of the discussion concerning such, was: " 'To forget is not negligence unless it amounts to a failure to exercise ordinary care for one's own safety.' 45 C.J. p. 950 § 509." We are not persuaded by the authority to alter our holding that the defendant has successfully invoked the "no duty" doctrine in the instant case.

■ Plaintiff seeks to support his judgment on the theory that the defendant injured him as the result of the latter's active negligence in showing the automobile when it was in such close proximity to the open grease-pit. Though showing the automobile might be deemed negligence which would be separable from the consideration we have given it hereinabove, we do not believe that it could amount to a separable proximate cause.

Judgment is reversed. Judgment is rendered that J. M. Hazlewood take nothing by his suit against Eagle Lincoln-Mercury, Inc.