Clara CLINE, Appellant,

v.

TEXAS HOTEL, Appellee.

No. 16656.

Court of Civil Appeals of Texas.

Fort Worth.

June 25, 1965.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and Atwood McDonald, Fort Worth, for appellant.

Crumley & Hooper, Frank E. Crumley and R. E. Rouer, Fort Worth, for appellee.

PER CURIAM.

This is an appeal from a summary judgment for defendant in a slip and fall case.

Judgment affirmed.

In her petition plaintiff plead that on April 22, 1963, she attended the Blue Bonnet Luncheon in a dining room of the Texas Hotel, along with several hundred other persons, most of whom were women; as she was leaving her table after the luncheon she slipped and fell heavily to the floor with resulting severe and permanent injuries. She alleged "the Defendant, in way and manner known exclusively to it * * * prepared the surface of the floor at the place in question in such a way that it was exceedingly slick and slippery, and unsafe to walk upon * * *. Defendant well knew and could reasonably have foreseen that if the floor was maintained in the way and manner in which it was maintained on the occasion in question, it would be dangerous to women walking on such floor. * * * prior to and at the time Plaintiff fell, Defendant maintained on said floor some kind of wax or polish so used, or in the manner of applying the same or in the manner of maintaining the same, * * * the floor was in a dangerous and unsafe condition for the persons, particularly this Plaintiff, who were attending said luncheon."

Since judgment for defendant was based on the testimony of plaintiff as given in a deposition, taken several months before the summary judgment proceedings, we state at length her testimony:

She had attended luncheons many times in the ballroom. This particular luncheon started at 12:00 o'clock. She arrived early. The ballroom was well lighted. The floor was highly polished. She looked at the floor as she entered, felt it, as she always did, because when she goes there the floor is just like glass—it is a slick floor. It had been slick on the prior occasions when she was there. She, on Sunday, had helped prepare for the Blue Bonnet Luncheon. She had to watch her step, the floor was slick as glass. She knew it was slick as it had been before but by being careful, as she had been on prior occasions, thought she could walk across it. She chose a table near the speaker's stand. When the program was over she got up from the table and started to walk away. She could feel the slickness of the floor. She was leaving by the same route she entered the room. She was being careful. Her feet went out from under her and she hit the floor. The floor, at the place she fell, looked no different from the rest of the floor. She thought the floor had been waxed, but did not know for sure. She saw no liquid on the floor and her dress was not stained. She saw no food particles on the floor. As well as she could remember both feet slipped. Prior to her fall she did not mention the condition of the floor to any Texas Hotel employee, but did mention to a guest the floor was slippery. No one else fell on the occasion in question.

No other evidence, by deposition, affidavits or otherwise, was offered by either party.

█ Plaintiff's testimony shows she knew from past experience, and on the occasion in question from actual observation

and by feeling with her foot that the floor was slick as glass, yet she proceeded to enter and cross the room to a table near the speaker's stand. Her own testimony shows she knew that it was dangerous to walk on the "slick as glass" floor. Her testimony negatived any condition other than that the floor was slick.

Her testimony is such that only one reasonable conclusion can be reached, namely, the condition of which plaintiff complains was open and obvious to her and she appreciated the danger of walking across the floor.

The Supreme Court in Wesson v. Gillespie, 382 S.W.2d 921 (1964), stated: "If we consider that the testimony of the plaintiff that 'it had always been dangerous; that she so considered it; but she kept on using it' referred to the entrance including the threshold, then the case is simple. By this statement, she admitted that she knew of the condition, knew it was dangerous, and appreciated the particular danger. Notwithstanding this knowledge and appreciation, she continued to use the entrance. She could not then recover. McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954)."

In the above case the Court concluded: "The holdings of this Court are that ordinarily a plaintiff-invitee cannot recover if he knows of the condition, realizes the danger, and appreciates the danger, or is charged in law with such knowledge, realization, and appreciation."

In view of the law as set out in the above case and in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex. Sup., 1963), McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954), and Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948), we hold that the undisputed testimony of plaintiff would have required the trial court to instruct a verdict for defendant if the case had been tried on the merits on such evidence, and, that being true, summary judgment was proper.

Affirmed.