**Nell Jordan DUNLAP et vir, Appellants,**

**v.**

**EXECUTIVE INN MOTOR HOTEL CORPORATION, Appellee.**

No. 16730.

Court of Civil Appeals of Texas.

Dallas.

May 27, 1966.

Rehearing Denied June 24, 1966.

Andress, Woodgate, Richards & Condos, Dallas, for appellants.

Gardere, Porter & DeHay and Gordon H. Rowe, Jr., Dallas, for appellee.

BATEMAN, Justice.

This is a slip-and-fall case involving injuries sustained by the appellant Nell Jordan Dunlap, a paying guest at appellee's motor hotel in Dallas, Texas. She and her husband appeal from a summary judgment rendered for appellee.

*Facts*

In stating the facts of the case, since this appeal is from a summary judgment, we disregard all conflicts in the evidence and, viewing the evidence in the light most favorable to appellants, we accept as true all evidence tending to support their position. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex. Sup.1965, 391 S.W.2d 41, 47.

The appellant Nell Jordan Dunlap had occupied a room on the second floor of appellee's motor hotel for about two days. When she registered she was shown to her room by use of a staircase in the interior of the building, completely protected from the weather. She used this protected staircase several times during her sojourn, but on the morning of her departure the door leading to this stairway was locked, and the only way known to her by which she could descend to the ground floor was another staircase on the outside of the building partially exposed to the weather. A rainstorm was in progress accompanied by a high wind which blew the rain onto this staircase and causing the steps thereof, which were made of solid cement or concrete, to become slick. She descended this staircase without mishap, went to the office, paid her bill and endeavored to arrange for transportation to the airport, from which she was due to depart that morning by airplane. She again ascended the outside staircase, was in her room for several minutes and again attempted to descend. The wind was driving the rain into her face and blinding her as she descended. She slipped and fell on her back and was injured.

When she made the first descent to pay her bill and try to arrange for transportation, she told "the girl at the desk" that she had had to use the outside stairway because the door to the interior staircase was locked. She did not ask her to send someone to unlock the door. She admitted that she knew the steps were wet when she attempted to use them the last time. She discussed with a man who was there the fact that they would have to be careful in descending the stairs because of their apparent slickness. Appellee made no attempt, either in its pleadings or in the evidence, to explain why the interior staircase was locked; neither did it suggest by pleading or evidence any safer means by which Mrs. Dunlap could have reached the ground level from her room than the one she used.

*Opinion*

Thus is presented the rather narrow question of whether a paying hotel guest is precluded, as a matter of law, from recovering damages for injuries sustained in falling while descending a staircase partially exposed to the weather and made slippery, dangerous or unsafe by rain, when she admittedly knew the condition of the stairway when she attempted to use it.

■ The burden was on appellee to demonstrate the lack of any genuine issue of material fact, and in determining whether it has done so all doubts must be resolved against it. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274.

Appellee relies heavily on the landmark cases of Robert E. McKee, General Contractor v. Patterson, 153 Tex. 517, 271 S.W. 2d 391; Banks v. C. R. Anthony Co., Tex. Civ.App., 293 S.W.2d 858, wr. ref. n.r.e.; Houston Nat'l Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Halepeska v. Callihan Interests, Inc., Tex.Sup.1963, 371 S.W.2d 368; and also on the more recent cases of Wesson v. Gillespie, Tex.Sup.1964, 382 S.W. 2d 921; Cline v. Texas Hotel, Tex.Civ.App., 392 S.W.2d 594, no wr. hist.; and Eagle Lincoln-Mercury, Inc. v. Hazlewood, Tex. Civ.App., 391 S.W.2d 180, wr. ref. n.r.e. All of these cases involved the liability of an occupier of land or premises to business invitees, and set forth rules which have been thus summarized by Justice Greenhill in Wesson v. Gillespie, Tex.Sup.1964, 382 S.W. 2d 921, 925:

"The holdings of this Court are that ordinarily a plaintiff-invitee cannot recover if he knows of the condition, realizes the danger, and appreciates the danger, or is charged in law with such knowledge, realization, and appreciation."

■ We do not think, however, that these rules may be indiscriminately applied to relationships other than that of the occupier of land or premises and his invitees. In fact, Justice Greenhill, in Halepeska v. Cal-

lihan Interests, Inc., supra, points out that his discussion does not deal with the duties of a landlord to his tenants and that the "no duty" concept is not applicable in a master-servant relationship, citing Sears, Roebuck & Co. v. Robinson, 154 Tex. 336, 280 S.W.2d 238. We think it should be added that the "no duty" and *volenti* rules are not always applicable in the relationship of innkeeper and paying guests. "An innkeeper has greater responsibilities than a person who conducts a strictly private enterprise, * * *" 31 Tex.Jur.2d, Innkeepers, § 1, p. 381.

> "To his guests, who are invitees, the innkeeper owes a duty to furnish a safe place, and to maintain it in proper condition at all times. He must provide adequate fire escapes, keep his hallways well lighted, and take special precautions to see that any dangerous aperture, such as an elevator shaft, is properly guarded." 24-A Tex.Jur., INNKEEPERS, § 6, pp. 430–432.

> "Although contributory negligence or assumption of risk may defeat a recovery, it cannot be said as a matter of law that a guest is negligent because he uses an unlighted hallway, or because, with full knowledge of the arrangement of doors and rooms, he steps into an unguarded elevator shaft. Rather, a guest has a right to assume that the hotel keeper has performed his duty of keeping the stairways and other areas and appliances in a reasonably safe condition." 31 Tex.Jur. 2d, INNKEEPERS, § 4, pp. 388–389.

■ A guest has a right to presume that hotel premises are kept in a safe condition for his use and is under no obligation to search out defects therein. Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357.

■ Many of the cases relied on by appellee speak of the choice a business invitee has in entering upon premises where there is an open and obvious condition of danger. This is the "intelligent choice" spoken of by the Supreme Court in Robert

E. McKee, General Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 395; and Harvey v. Seale, Tex.Sup.1962, 362 S.W.2d 310, 312. As said in the latter case, " * * * he has an opportunity to exercise an intelligent choice as to whether the advantage to be gained by his entry is sufficient to justify his incurring the risk" of doing so.

In Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357, the facts were quite similar to those in the case at hand. Blanks had occupied a room on the ninth floor for three weeks. The elevator service extended only as high as the eighth floor, and the only means he had of reaching the ninth floor was a stairway from the eighth floor. He had used this stairway, but only in the daytime, while in the city for some fifty per cent of his three-weeks' tenancy, and thus acquired some degree of familiarity with it. The accident occurred at night when he slipped and fell on the stairway. He alleged that the stairway was insufficiently lighted, that the handrail was too low, that the steps were hard surfaced, slick and smooth, not covered with carpets or matting or corrugation. The Hotel denied these allegations and pled specially that the arrangement was open and obvious to Blanks, who had made use of it on many occasions and who, as a matter of law, assumed the risks or voluntarily submitted himself to them. The jury found that the Hotel was guilty of several of the acts of negligence alleged and that they were proximate causes of Blanks' injuries. The jury also found that Blanks was not guilty of any contributory negligence. The Supreme Court held that the testimony was such that reasonable minds could differ as to whether Blanks was or was not guilty of contributory negligence and did not compel the conclusion, as a matter of law, that he was contributorily negligent. Touching on the question of whether the plaintiff had an opportunity to exercise an "intelligent choice," the Supreme Court said:

> "Plaintiff had no way of reaching the floor where his room was, or of descending from it, other than by using the stair-

way between the eighth and ninth floors. While his situation in this regard was voluntary in the sense he willingly became a tenant on the ninth floor, it was involuntary in the sense that it was the only way provided by the Hotel whereby he, as such tenant, could use his room. He was aware, as indicated by his movements, that his predicament had become hazardous but such awareness is not conclusive that he was negligent as a matter of law in making use of the passageway."

We think that language is applicable to the situation now before us. Like Mr. Blanks, Mrs. Dunlap had only one staircase provided for her use in descending from the floor on which her room was located. Hers was not the choice of deciding whether the advantage of going upon the landowner's premises was sufficient to justify incurring the risks of doing so. She was already on those premises. Her situation was almost exactly that of "A" in Illustration No. 7, in Restatement, Torts, Vol. IV, § 893, p. 498, as follows:

"7. A, a business visitor in B's building, is prevented from leaving by the usual stairway owing to the negligent locking of the door by B's caretaker. A leaves the building by an outside, snow-covered fire escape, realizing that there is substantial danger of harm but doing so to avoid the necessity of remaining in the building during the night. If A is not unreasonable in making this choice and is careful in descending, he is entitled to recover damages from B for a broken leg caused by slipping on the snow."

See also Morten Inv. Co. v. Jordan, Tex. Civ.App., 57 S.W.2d 887, reversed on other grounds 127 Tex. 37, 90 S.W.2d 241, and Lang v. Henderson, 147 Tex. 353, 215 S.W. 2d 585, 587, holding that " * * * the court can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a question of law only when from the facts in evidence but one rational inference can be drawn."

Contributory negligence is a question of fact for the jury when the evidence shows that the plaintiff, with knowledge or chargeable with knowledge of the danger, exercised some care. Henwood v. Gilliam, Tex.Civ.App., 207 S.W.2d 904, wr. ref.

In Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227, the plaintiff was injured while riding his horse over a defective bridge. The plaintiff knew of the dangerous condition of the bridge, but it was on the only public road from his home to the place where he desired to go. The defendant contended that the plaintiff was guilty of contributory negligence as a matter of law in attempting to ride across a bridge that he admittedly knew was defective and dangerous. In overruling this contention the Supreme Court, speaking through Justice Gaines, held that in order to hold an act negligent *per se* it must have been done contrary to a statutory duty or "so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it"; that this could not be said of the plaintiff's conduct in this case; that it was well settled that "[I]f a highway or street be obstructed or out of repair, and this be known to a passenger, he cannot be held faultless if he threw himself upon the obstruction or encountered the danger, — provided another way of reaching his destination be open to him, which is safe and not much longer than that he prefers to travel." Justice Gaines also said that "a prudent person may choose to pass along an unsafe highway, rather than abandon his trip, although he would have avoided the route if another had been open to him." and that on the other hand, "if the passenger or traveler have no other convenient way, the mere fact that he takes the chances of a known danger, and attempts a passage, is not controlling proof of his negligence. Whether the act be negligent or not, depends upon the circumstances attending it; and the question is for the determination of the jury."

We consider the *Blanks* and *Gascamp* cases as controlling in this case. There was evidence that Mrs. Dunlap exercised some care in descending the steps and it was for the jury to determine whether that care could be equated with the degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances. Appellee failed to carry the burden of showing the absence of any genuine issue of material fact, and its summary judgment, therefore, cannot stand.

The judgment appealed from is reversed and remanded for trial.

Reversed and remanded.