**Beulah H. SHARPE, Appellant,**

v.

**ADAM DANTE CORPORATION d/b/a Adam & Eve Health Spa, Appellee.**

**No. 17652.**

Court of Civil Appeals of Texas, Dallas.

May 28, 1971.

Rehearing Denied June 18, 1971.

Larry Feldman, Feldman, O'Donnell & Neil, Dallas, for appellant.

Grover Hartt, Jr., Hartt & Perry, Inc., Dallas, for appellee.

BATEMAN, Justice.

■ This is a slip and fall case. The trial court rendered summary judgment that the plaintiff Beulah H. Sharpe take nothing, and she appeals on the single point of error that the evidence raised genuine issues of fact as to negligence of both parties. We sustain this point.

The appellee Adam Dante Corporation operated a health center called "Adam and Eve Health Spa," containing equipment for gymnastic exercises, special baths and a swimming pool. It was operated by appellee for profit as a private club, although its patrons or customers were called "members" and paid a substantial sum for annual "memberships."

The only evidence before the court were appellant's oral deposition and certain photographs of the interior of the "Spa" identified by her. She testified that the entire tile floor in the area of the swimming pool and whirlpool bath was wet every time she went there and that she knew it was slippery. On the occasion in question she was walking barefoot on this wet tile floor toward the swimming pool to get her towel when both of her feet slipped from under her and serious bodily injuries resulted. Appellee had never provided rubber stepping pads or mats on the floor or slippers for the patrons or anything else to prevent their bare feet from slipping on the tile floor.

Appellee's position is that, even if he were guilty of primary negligence in failing to provide his patrons with reasonably safe premises in which to carry on their activities, the undisputed evidence showed that he owed appellant no duty to warn her of the unsafe condition because she admitted in her deposition that she was fully aware of it. Also, that the doctrine of *volenti non fit injuria* applied, meaning that she had voluntarily encountered the risk. He relies on a host of cases which we do not think apply to the facts presented here, but which are listed in the footnote.[1] These cases deal with the liability *vel non* of an occupier of land to a "business invitee."

Appellant argues that she was not in the usual category of "business invitee" contemplated by the cases cited by appellee, in that she did not voluntarily enter appellee's place of business at his invitation, or with his consent, for the purpose of doing busi-

1. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); McKee, Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963); Wesson v. Gillespie, 382 S.W.2d 921 (Tex.Sup.1964);

Delhi-Taylor Oil Corporation v. Henry, 416 S.W.2d 390 (Tex.Sup.1967); Cline v. Texas Hotel, 392 S.W.2d 594 (Tex.Civ. App., Fort Worth 1965, no writ); George v. City of Fort Worth, 434 S.W.2d 903 (Tex.Civ.App., Fort Worth 1968, writ ref'd n. r. e.).

ness with him, but that she had a contract with him under which she became a "member" of the establishment with a right to enter and use the premises; that it was necessary for her to walk on the wet tile to enable her to receive the benefits of her contractual rights, that she had either to walk on the wet tile floor to use the facilities or surrender her legal and contractual rights to use them. She contends that she occupied the same legal position as that occupied by the little girl in Harvey v. Seale, 362 S.W.2d 310 (Tex.Sup.1962) and the plaintiffs in Dunlap v. Executive Inn Motor Hotel Corporation, 404 S.W.2d 842 (Tex.Civ.App., Dallas 1966, writ ref'd n. r. e.) and Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357 (1950); that she did not have the opportunity to exercise the "intelligent choice" mentioned in those cases.

Volumes have been written on this subject, and we would not be justified in lengthening this opinion by attempting to summarize the many fine law review articles and the many cases on the general subject. In practically all of the cases cited by appellee the plaintiffs entered the defendants' premises by permission or on invitation for some business purpose, the defendant having consented to such entry when he had the right to refuse it.

However, the case before us is not such a case. In truth, the facts of this case are not quite similar to any reported decision we have found, but we see a definite similarity in the principle involved in this case and that upon which Harvey v. Seale, supra, was decided. In the latter case the injured party was the nine year old daughter of the tenant of a rented home. She was playing on the porch, a part of which had rotted out. She was aware of the hole thus made and had been warned not to play near the same. She did so, nevertheless, and was injured. The defense was that the child had assumed the risk and that the owner owed her no duty because the hole was open and obvious and she had full knowledge of it and appreciation of the danger involved. The following excerpts from the opinion illustrate the difference between the rights of the parties in the usual occupier-invitee relationship and the situation where one, such as a tenant, does not enter the premises by consent of the landowner but by virtue of a legal right to do so:

"A landowner is not under an absolute duty to change his methods of operation, alter the condition of the premises, or make other special preparations for the safety of such a visitor. All the latter can expect is knowledge of actual conditions that will be encountered so he may determine whether to avail himself of the landowner's consent. The duty of a landowner to his licensee or invitee is fully discharged than by a complete disclosure of the danger. And there is no duty whatsoever with respect to conditions that are so open and obvious, with the dangers therein so apparent, that the same are or should be known to and appreciated by the visitor. One who has no right to enter except by virtue of the landowner's consent can remain off the premises if he does not wish to subject himself to the risk of injury from such conditions. Where he has an opportunity to exercise an intelligent choice as to whether the advantage to be gained by his entry is sufficient to justify his incurring the risk, the landowner owes him no further duty of protection from harm.
\* \* \*

"Here petitioner's right to enter and remain on the premises does not arise from permission granted or an invitation extended by respondent. By virtue of her father's lease, she was entitled to be on the front porch of her home without regard to respondent's consent. Respondent was not privileged, therefore, to adopt a 'take it or leave it' attitude, and his duty to petitioner was not fully discharged when she learned of the danger.

The negligent failure to repair the hole placed her in a position where she was

compelled to choose between foregoing her legal right to play on the porch and encountering the risk involved in playing there. If her choice was unreasonable under the circumstances, she was guilty of contributory negligence, but respondent will not be heard to say that she voluntarily exposed herself to the danger, and that he owed her no duty with respect thereto, when she decided to play on the porch."

We think the appellant in this case, while not a tenant of the appellee, had a legal, contractual right to be on the premises, to use the health-giving facilities provided thereon and to walk from one to the other. Appellee owed her the legal duty to keep the premises reasonably safe for her and the other "members" to be able to do so. Under the circumstances of this case, where the evidence showed that this duty may not have been performed, the appellee will not be heard to say that his negligence in that respect, if any, and his duty to warn of an unsafe condition, if any, were excused because appellant had admitted that she knew the tile floor was wet and slippery, and he therefore owed her no duty to warn of an open and obvious situation.

"If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably." Restatement, Second, Torts, § 473.

The record does not reveal whether, as a matter of law, appellant acted reasonably or unreasonably. As movant for summary judgment, it was appellee's burden to show that she acted unreasonably. We think reasonable minds might reach different conclusions as to this, and therefore hold that appellee failed to carry his burden of establishing contributory negligence as a matter of law.

■ Neither do we think this case can be summarily disposed of by application of the *volenti* doctrine. That doctrine, in our opinion, has no place in a case where, as here, the injured plaintiff has a legal, contractual right to occupy and use the premises.

It has been said that there are many able scholars who maintain that a business guest should not be cut off absolutely from recovery by a mere warning of a defective condition of premises, and that whether they are justified in proceeding to remain on the premises despite such warnings often depends on the invitee's reasons or justifications for proceeding, and that in most such cases the plaintiff's conduct should be judged by contributory negligence standards.[2] In our opinion, this is such a case. As said by Professor James in 63 Yale Law Journal 605, 632:

"The person who enters defendant's premises as of right does not fit very neatly into any of the above categories. By definition he is not a trespasser. And a right to enter also stands on a footing different from the privilege which the occupier is free to withhold or to give by invitation or permission. This does not mean that visitors in their own right should all be accorded the same treatment. They are not, and probably should not be."

Appellant may have been contributorily negligent in walking upon the wet, slippery tile floor, but that was a matter for the jury to determine. The alleged negligence of both parties should be submitted to the jury.

For the reasons given above, the judgment is reversed and the cause remanded for trial.

2. Greenhill, "Assumption of Risk," 16 Baylor Law Review 111, 120.