

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00514-CV

_____

CLAUDIA CONDITT, Appellant

V.

ANIMAL CLINIC OF FOREST HILL, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-323016-21

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Claudia Conditt appeals from the trial court's grant of summary judgment in favor of Animal Clinic of Forest Hill (the Clinic). Conditt sued the Clinic after she was injured when she tripped over a scale on the floor outside an exam room. In two issues, she argues that the trial court erred by granting summary judgment because there was a fact issue about "whether, under the specific circumstances of this danger, [the scale] was open and obvious to a reasonably prudent person similarly situated" and because "of the necessary[-]use exception in that [Conditt] had to use the egress that was too narrow and contained the scale." Because we hold that the necessary-use exception does not apply and that the Clinic established its right to summary judgment, we will affirm.

### Background

On March 22, 2019, Conditt took her chihuahua to the Clinic. On her way to the exam room, she was asked to put the dog on a scale. The scale was on the floor in the hallway area outside two exam rooms. After weighing her dog, Conditt took the dog into the room to the right of the scale. She left the room after about twenty minutes; Conditt claimed in her deposition that she was carrying the dog, while the Clinic's owner testified in her own deposition that the dog walked out on a leash ahead of Conditt. Upon leaving the room, Conditt turned to her right and fell. She

later sued, asserting that she had tripped on the scale and that the Clinic had failed to make the premises safe from the danger presented by the scale.[1]

The Clinic filed a traditional motion for summary judgment on the ground that it did not breach any duty to Conditt. It asserted that it had a duty to warn Conditt only of dangerous conditions of which it was aware but Conditt was not, that the scale was not a dangerous condition, that the scale was an open and obvious condition and known to Conditt, and that it thus had no duty to warn her.

To support its motion, the Clinic attached copies of Conditt's deposition in which she stated that she had put her dog on the scale before entering the exam room, that she had been in the room for "15 to 20 minutes," and that when she left the room, the scale was in the same place. It also attached a photograph of the hallway area outside the exam rooms with the scale on the floor in between the rooms. The photograph shows a clear path outside the exam rooms for a person walking from the exam rooms straight to what appears to be an area with a chair, as well as a clear path for a person to walk around the scale in the hallway area between the exam rooms.

Conditt filed a response asserting that the scale was an unreasonably dangerous tripping hazard and that she did not have the opportunity to identify and perceive the

---

[1]In addition to a premises liability claim, Conditt also sued for negligence, and the Clinic sought summary judgment on the ground that because Conditt was injured as a result of a condition on the property, she could recover only under a premises liability theory. On appeal, Conditt does not challenge the summary judgment on her negligence claim.

hazard because she did not see it in her peripheral vision and had not retained in her working memory any knowledge of the scale's placement. To her response, Conditt attached an affidavit from an engineering consultant in the field of safety engineering.[2] The affidavit stated that the scale created an unreasonable trip hazard because it was too low to the floor and too near to the door of the exam room for it to be seen by someone exiting the room. The affidavit further discussed the concept of "working memory," which the engineer described as the ability to remember "a limited amount of information for immediate use temporarily." He stated that although Conditt had become aware of the scale on the floor when she weighed her dog, "such knowledge clearly did not remain in her working memory."

The trial court initially denied the Clinic's summary judgment motion, but the Clinic filed a motion to reconsider. After a hearing, the trial court granted the Clinic's summary judgment motion. The trial court then signed a final judgment ordering that Conditt take nothing.

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable

---

[2]The engineer stated in his affidavit that safety engineering includes workplace safety and "human factors" and ergonomics. He explained that "human factors and ergonomics" refers to ensuring that tasks, equipment, and facilities are designed, constructed, and maintained to be safe for use, and it includes taking into account "human capabilities and limitations," human physical characteristics, visual acuity and perception, and cognitive abilities.

to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

**Analysis**

**I. Premises Liability General Principles**

A landowner generally has no duty to protect or warn an invitee against dangers that are open and obvious or otherwise known to the invitee. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 207 (Tex. 2015). However, the Texas Supreme Court has recognized a "necessary-use" exception to this general rule. *Id.* at 206. That exception applies "when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.* When the exception applies, the plaintiff's awareness of the risk does not relieve the landowner's duty to make the premises safe, although it may remain relevant to the issue of proportionate responsibility. *Id.* at 208.

5

## II. No Duty to Warn or Make Safe

Conditt's deposition testimony established that the obstacle presented by the scale was known to her. She did not merely see the scale on the floor before entering the exam room. She used it herself, not more than twenty minutes before she fell. Because the Clinic's summary judgment evidence established that Conditt knew about the scale's existence and placement on the floor, it thus established that the Clinic had no duty to warn her about the scale or to protect her from any hazard that it posed. *Id.* at 207.

Conditt argues that the photographs in the summary judgment evidence show that there was not enough space around the scale to safely travel from the exam room door to the front door. We disagree that the photographs raise any fact question about whether there is enough space to safely walk past the scale, and Conditt offered no evidence disputing that she was able to enter the exam room without stepping over the scale.

Conditt relies on the engineer's affidavit to argue that she raised a fact issue on duty. That report, however, was not sufficient to defeat summary judgment under the facts of this case. We take no issue with the engineer's assertion that an object's height can make it a hazard to passers-by who are unaware of its placement. But in this case, Conditt was aware of and used the object, and she therefore knew of its height and placement. As for the engineer's "working memory" statements, regardless of whether the passage of time or other circumstances could, in some situations, raise a fact issue

6

about a plaintiff's continued knowledge of a condition on a premises, it did not do so in this case, when Conditt not only passively observed but also actually used the scale herself only twenty minutes before she tripped over it. *See, e.g., Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 25–26 (Tex. App.—El Paso 2016, pet. denied) (holding no duty to warn invitee about dangers on the floor that she had seen fifteen minutes before she tripped)[3]; *Eagle Lincoln-Mercury Inc. v. Hazlewood*, 391 S.W.2d 180, 183 (Tex. App.—Fort Worth 1965, writ ref'd n.r.e.) (holding that defendant had no duty to warn of danger at car dealership of which plaintiff was aware but had forgotten while talking to a salesperson).

Conditt spends several pages of her brief arguing about whether the scale was an open and obvious condition, but the evidence established that the scale was a condition of which Conditt was actually aware. *See Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 & n.13 (Tex. 2021) (stating that whether a danger is open and obvious is a question of law determined under an objective test but that a landowner may also have no duty to warn of or make a condition safe if the claimant

---

[3]Conditt attempts to distinguish *Wallace* based on the plaintiff's status in that case as an employee of the premises owner (technically, an employee of a security service employed by the premises owner, a steel mill) and based on the area in which the plaintiff tripped usually having metal objects "all over the floor" and outside the machine shop. *Wallace*, 536 S.W.3d at 21. However, these facts do not adequately distinguish *Wallace*. *Wallace* involved the plaintiff, an invitee, tripping over an object on the ground that the plaintiff had observed fifteen minutes before tripping, and it was the plaintiff's knowledge of the condition that negated the premises owner's duty. *Id.* at 25–26. The same situation exists in this case.

subjectively had actual knowledge of the dangerous condition); *Austin*, 465 S.W.3d at 202–03 (characterizing the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious *or* otherwise known to the invitee); *see also United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 801 (Tex. 2022) (holding 3/4-inch divot in parking lot was not unreasonably dangerous as a matter of law).

Conditt next argues that "[t]here is not a shred of evidence that [she] had 'knowledge and full appreciation of the nature and extent of the danger.'" This argument relates to whether the condition was open and obvious. *See SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 563 (Tex. 2022) (stating that an open and obvious dangerous condition "raise[d] no obligation to warn as a matter of law" because in that case, an invitee exercising ordinary care would have knowledge and full appreciation of the nature and extent of danger). Conditt did not, however, present any summary judgment evidence that the scale was dangerous in any way other than as a trip hazard due to its placement on the floor, and she was not injured by any other condition created by the scale. Thus, the only knowledge Conditt needed to have to avoid any danger was the knowledge of the scale's placement on the floor. The summary judgment evidence established that she had that knowledge. Because any danger from the scale was known to Conditt, the Clinic had no duty to warn her of it. *See Austin*, 465 S.W.3d at 204.

In her reply brief, Conditt argues that there is no evidence that she knew that a scale with a height of only 3/4 inch could create a dangerous condition. But the evidence established that she had used the scale herself and would thus know its approximate height and its location on the floor. Conditt did not need to know the exact height of the scale to know that it was on the floor or to know to avoid tripping over it.

Conditt further asserts that the Clinic judicially admitted that the scale was not dangerous and therefore cannot argue that the danger presented by the scale was open and obvious. She argues in her reply brief that the Clinic's brief "chose to ignore the fact that it had repeatedly represented to the trial court the argument that the scale was NOT dangerous" and "glossed over the facts that it injected a fact issue as to whether the scale was unreasonably dangerous." This argument does not help Conditt. If the scale presented no danger, the Clinic would have no duty to warn of it or remedy it. Further, even if the Clinic's *legal* arguments could raise a *fact* issue, its arguments did not raise a fact issue about Conditt's knowledge of the scale's placement on the floor. *See Hillis v. McCall*, 602 S.W.3d 436, 444 (Tex. 2020) (upholding summary judgment on premises liability claim on the basis that the defendant had negated a duty to plaintiff as a matter of law and stating that the court would not "impose a duty on a landowner to warn an invitee about something [the invitee] already knows"). Because the summary judgment evidence established that

9

Conditt had actual knowledge of the scale, the trial court did not err by granting summary judgment for the Clinic. We overrule Conditt's first issue.

## III. Necessary-Use Exception

In Conditt's second issue, she argues that the necessary-use exception applied because she had "to use the egress that was too narrow and contained the scale," and the trial court therefore erred by granting summary judgment.[4] We disagree. Photographs included with the summary judgment evidence show that the hallway was wide enough that there was a clear path in front of the scale. That is, the summary judgment evidence established that it was not *necessary* for Conditt to walk on the side of the hallway with the scale or that she could not avoid walking over the scale. *See Zappa v. IKEA Holdings US, Inc.*, No. 14-17-00936-CV, 2018 WL 4702382, at *4 (Tex. App.—Houston [14th Dist.] Oct. 2, 2018, no pet.) (mem. op.) (holding that IKEA negated necessary-use exception through affidavit and photographs establishing alternate route to parking lot that would have allowed plaintiff to avoid walking through barriers that caused her injury); *Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.) (holding that the summary judgment evidence showed that it was not necessary for the plaintiff to use the side of driveway covered in ice). Because the summary

---

[4]The Clinic argued below that Conditt had failed to plead the necessary-use exception. On appeal, Conditt contends that her pleadings gave fair notice of the exception. For purposes of this appeal, we assume that Conditt adequately pled the necessary-use exception.

judgment evidence negated Conditt's claim that she was unable to avoid the scale, the necessary-use exception does not apply. *See Austin*, 465 S.W.3d at 207. We overrule Conditt's second issue.

## Conclusion

Having overruled Conditt's two issues, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  July 6, 2023