162

## SOUTHLAND HOTEL, Inc. v. BLANKS.
### No. 5987.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 14, 1949.

Rehearing Denied Dec. 19, 1949.

R. T. Bailey, Dallas, for appellant.

Caldwell, Baker & Jordan, Dallas, for appellee.

STOKES, Justice.

Appellee, C. L. Blanks, instituted this suit against the appellant, Southland Hotel, Inc., to recover damages for personal injuries alleged to have been suffered by him on December 18, 1946, as the result of negligence of the appellant. Appellee was a guest in the hotel and occupied a room on the ninth floor. The elevator extended only from the basement to the eighth floor and the ninth floor was reached by means of a stairway from the eighth floor. Appellee had occupied the room on the ninth floor for some three weeks at the time he was injured. In order to reach the eighth floor and the elevator from his room, it was necessary to descend the stairway from the ninth floor which consisted of two flights of stairs, the first flight consisting of twenty steps to a landing and

the second flight, in the opposite direction, consisting of twelve steps. Appellant received his injury about 7:30 P.M., December 18, 1946. He had started from his room to the lobby on the first floor of the hotel and had descended the first flight of the stairway. When he started to descend the second flight, he reached for the handrail, lost his balance and fell down the entire second flight of twelve steps from which he received serious and permanent personal injuries. The case was submitted to a jury upon special issues and the jury found that appellant failed to provide the stairway with an adequate system of lighting; failed to provide the steps with corrugation or matting; and was maintaining steps of the stairway that were worn so that they were smooth and slippery. It found that each of these was negligence and a proximate cause of appellee's injury. It also exonerated appellee from any contributory negligence and fixed his damages at the total sum of $24,024.55 for which judgment was entered in his favor against the appellant.

Appellant perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas, and the case has been transferred to this court by order of the Supreme Court. After the testimony had all been adduced, appellant filed and urged a motion for a peremptory instruction which was denied by the court and this action of the court constitutes the principal, and controlling, issue in the case. Appellee had been a guest and patron of the hotel during most of the time for three months before he was injured and had occupied the room on the ninth floor for three weeks immediately preceding his injury. No one but appellee was present and the only evidence of the manner in which the accident occurred came from him. He said that the first flight of the stairway was dimly lighted from the lights in the hall of the ninth floor and that he had no difficulty in negotiating it. He said he had made approximately fifteen trips to his room on that floor and had therefore traversed the stairway in going to and returning from his room at least thirty times, but that he had never before ascended or descended it in the nighttime; that, when he reached the landing on this unfortunate trip, he discovered the second flight of the stairway was dark; that, when he started to continue down the lower flight, he reached for the railing before he attempted the first step; that he slipped—"evidently lost my balance and the next thing I knew, well, —I was semi-conscious and people were standing over me at the foot of the staircase." On cross examination he said: "I seemed to have lost my balance when I reached for the rail;" that he both slipped and lost his balance; that the slipping and losing his balance happened simultaneously; and that the act of reaching for the rail caused him to lose his balance.

■ Appellee was an invitee of appellant and a guest in its hotel. The rule governing the duties and responsibilities of invitors, or those who operate places of business, such as hotels and mercantile establishments, to their guests or invitees has many times been announced and repeated by the courts. It is well stated in Marshall v. San Jacinto Building, Inc., 67 S.W.2d 372, 374, by the Court of Civil Appeals of the Ninth District, in a quotation from 45 C.J. 837, as follows: "'The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' Again, at page 868, same volume: 'No precautions are necessary where the danger is obvious and unconcealed, or known to the person injured, or where it was the duty of the person injured to do the thing, failure to do which caused the injury.'"

■ Appellee contends that, under the conditions in which he was living in the

hotel as its guest or patron, it was the duty of the hotel to see that the stairway was at all times properly lighted and maintained in a reasonably safe condition for his use and that the evidence clearly showed it failed to discharge its duty to him of keeping the second flight of steps properly lighted and in a reasonably safe condition for the use of its guests. His principal contention seems to be that he fell down the flight of stairs and was injured because of the darkness and failure of appellant to maintain a light so that he could see his way down the stairs and observe the existing conditions there. He had been a guest or patron of the hotel for some three months and had occupied his room on the ninth floor for three weeks before the accident. He had traversed the steps, either ascending or descending, at least thirty times and must have known the condition of the steps before he attempted to descend them on the occasion of his fall. The hotel had been constructed many years before appellee was injured and the testimony shows that, although many people had occupied rooms on the ninth floor and traversed the steps throughout the many years of its existence, no one ever before had fallen or was injured by traversing the stairway. The conditions on the ninth floor and of the stairway at the time appellee was injured were the same as they had been for thirty years or more. There were no hidden traps, snares, or pitfalls, in the stairway and no condition existed that was not known to the appellant or could not have been observed by him in the exercise of ordinary care. While he said he had not before descended the stairway when it was dark, no condition is revealed that did not exist each time he traversed it. Even though it was dark, no condition existed which prevented its being safely traversed by the use of a reasonable degree of caution. The risks attending its use being the normal and ordinary risks, and nothing having been placed upon it nor any change made in it of which appellee was not informed or could not have known by the exercise of reasonable care, he assumed the risks incident to his attempt to descend it on his way from his room to the lobby of the hotel even if the dark condition of the stairway had, under the evidence, been responsible for his injury.

When the testimony is carefully analyzed, however, we think it is clear that the dark condition of the stairway had nothing to do with appellee's injury and was not responsible for it. He said that, when he reached the landing and "started to continue down the other set of stairs," he reached for the handrail and slipped and that the act of reaching for the handrail caused him to lose his balance. It was shown by the evidence that the steps of the stairway had been worn from long usage and were slick, but it was not shown that the floor of the landing from which the steps descend was in that condition nor that there was anything in the way of a foreign substance or unusual condition on the landing immediately above the first step that caused appellee to slip. It follows, therefore, that the darkness of the stairway had nothing to do with his slipping. He said that he became unbalanced when he reached for the handrail, but there is no evidence as to what caused him to become unbalanced other than the fact that he slipped. According to his testimony there was some light on the landing, reflected from the lights in the hall of the ninth floor, and no complaint is made that the handrail was not visible nor that appellee failed to catch it on account of the darkness. It is not contended that the darkness caused him to become unbalanced nor that it prevented him from grasping the handrail or knowing where it was. From this it necessarily follows that the darkness was not the cause of appellee's injury, and we find nothing in the testimony that could be construed as actionable negligence of the appellant or the violation of any duty it owed to appellee in so far as its failure to furnish a system of lighting for the stairway is concerned.

The jury also found that appellant failed to provide the stairway with corrugation or matting; that it maintained stairsteps that were worn so that they were smooth and slippery; and that such failure and use were negligence and proximate causes of appellee's injury. As we have already

shown, appellee's fall was the result of his slipping and becoming unbalanced when in the act of reaching for the handrail. He said he reached for the handrail before he attempted to take the first step from the landing, and that he slipped at the same time he reached for the handrail. Thus it will be seen that the condition of the steps, whatever it might have been, was not responsible for appellee's fall. He was on the landing and reached for the handrail before he attempted to take the first step. The slipping and losing of his balance, therefore, was on the landing and not upon the steps.

A careful analysis of the evidence has brought us inevitably to the conclusion that it was not sufficient as a basis for submitting the case to the jury and that the court below erred in refusing to grant appellant's motion and instruct the jury to return a verdict in its favor. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Texas & Pacific Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3; Wells v. Texas & Pacific Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660; Marshall v. San Jacinto Bldg. Inc., Tex.Civ.App., 67 S.W.2d 372; Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473.

 Negligence is never presumed and the mere happening of an accident is no evidence whatever of negligence. The hotel and the stairway were in substantially the same condition in which they had existed since it was built more than forty years before appellee fell upon the stairway. As far as the evidence shows, there had never been a light of any kind over the landing nor in any portion of the ceiling above the staircase. There were no defects or conditions that were hidden and not open and obvious to appellee and every one else who sought to use the stairway and, since appellee was familiar with the stairway, he assumed the risks, if any, incident to traversing it. The cases cited by appellee, while similar and generally deal with situations similar to that presented in this case, reveal controlling differences in the evidence. For instance, Renfro Drug Co. v. Jackson, Tex.Civ.App., 81 S.W.2d 101, was a case in which the plaintiff slipped and fell upon a stairway, but the evidence showed that a piece of chocolate candy was on one of the steps and her fall was caused by the slick condition created by it. Wilkerson v. Brin et al., Tex.Civ.App., 268 S.W.1010, is another case cited by appellee. In that case the guest of the hotel was familiar with his room and the hall leading to it, but he was not familiar with the elevator shaft nor the door opening into it. He started down the hallway in the darkness, feeling his way along the wall, and reached an open door which he thought was his room. Instead of being his room, however, it was the elevator shaft and, in attempting to enter, he was precipitated into the shaft and injured. These and other similar cases do not control the instant case.

We have carefully examined all of the contentions made by both parties and, in our opinion, the court erred in refusing appellant's motion for an instructed verdict. The judgment of the court below will, therefore, be reversed and judgment here rendered that appellee take nothing by his suit.