## C. L. BLANKS V. SOUTHLAND HOTEL, INCORPORATED.

No. A-2512. Decided March 29, 1950.
Rehearing overruled May 17, 1950.
(229 S. W., 2d Series, 357.)

*Caldwell, Baker & Jordan* and *Ralph K. Gillen,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the duty of a hotel to keep its premises safe for the use of its guests applies only to defects of conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like. Ritter v. Norman, 71 Wash. 563, 129 Pac. 103; Baugauer v. McLellan, 205 Ky. 51, 265 S. W. 439; Gulf Production Co., v. Quisenberry, 128 Texas 437, 97 S. W. 2d 166; McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. 2d 442.

*R. T. Bailey,* of Dallas, for respondent.

Since the evidence showed that all the conditions incident to the accident were open, apparent and obvious, and as well known to Mr. Blanks as to the hotel, it was not error for the Court of Civil Appeals to hold that the trial court should have granted the Hotel's motion for an instructed verdict in its favor. Houston Natl. Bank v. Adair, 146 Texas, 387. 207 S. W. 2d 374; Patton v. Dallas Gas Co., 108 Texas 321, 326, 192 S. W. 106; Texas Hotel Co. of Longview v. Cosby, 131 S. W. 2d 261.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

This suit is for damages for personal injuries in which C. L. Blanks, plaintiff, petitioner here, was awarded judgment in a

jury trial. It was reversed and the Court of Civil Appeals rendered judgment for defendant, Southland Hotel Incorporated, respondent here. Writ of error was granted on petitioner's first point to the effect that the Court of Civil Appeals erred in holding that the trial court erroneously refused defendant's motion for an instructed verdict. 226 S. W. 2d 162.

The gist of the case is embodied in the assignments and counter assignments dealing with the questions of whether defendant Hotel was primarily negligent and whether plaintiff Blanks was guilty of contributory negligence. We adhere finally to the tentative opinion indicated in granting the writ, that there is substantial probative evidence upon which the jury's findings of primary negligence on the part of defendant and no contributory negligence on the part of plaintiff, are predicated, respectively.

Plaintiff alleged in substance that the defendant Hotel has nine floors, extending from the ground floor to the penthouse floor; that when injured he was tenanted in a room on the ninth floor; that elevator service is provided for guests up to the eighth floor, and that the only means of reaching the ninth is by means of a stairway extending from the eighth floor through the stair well to a hall on the ninth; that the stairway is divided into two flights, or sections, the flight adjoining the eighth floor being twelve steps in length and the flight adjoining the ninth being twenty; that the segment of the stairway and the stair well referred to were poorly and insufficiently lighted, the only light being natural light which entered from the ninth floor in such a way that very little reflected upon the stairway, especially upon the top of the flight from the eighth floor where the stairs were dark, and the steps and handrail where he slipped and fell were dim; that the inner side (left descending) of the two flights had a handrail and its height made it necessary for a person to bend forward to reach to hold to it; that the steps were of hard-surfaced material, slick and smooth, and were not covered with carpet or matting, or corrugated; that it was the Hotel's duty under the innkeeper and tenant relationship to exercise ordinary care to so maintain this sole passageway between the two floors that persons on the ninth floor, including himself, could go up and down with reasonable safety.

Plaintiff alleges also that there was not as much light on the stairs on the occasion of his injury as on other occasions when he had made use of the passageway; and defendant knew, or in the exercise of ordinary care should have known, that the existing dangerous conditions, dark stairs, dimly visible hand-

rail and slippery steps, were calculated to cause a person descending as he was when injured to miss his steps or lose his balance and fall.

Exceptions were leveled by the Hotel at plaintiff's allegations of primary negligence on the ground of vagueness and failure to show violation of any duty it owed plaintiff, or to present an ultimate issue of fact; and because no duty, as a matter of law, rested on it to keep artificial lights on the ninth floor burning so as to reflect on the stairway. The Hotel denied in toto plaintiff's allegations and pleaded specially that the arrangement was open and obvious to plaintiff who had made use of it on many occasions, and as a matter of law assumed the risks or voluntarily submitted himself to them. It pleaded specially that for many years the steps referred to had been in substantially the same condition as at the time of plaintiff's alleged fall; that he was fully aware of the conditions, or should have been by the use of ordinary care; and that during the period, prior to plaintiff's use of the stairs, thousands of guests, employees and other persons had used them without injury.

The particulars in which defendant Hotel alleges plaintiff was guilty of contributory negligence are that (a) he failed to keep a proper lookout, (b) failed to hold onto the handrail, (c) failed to watch where he was stepping and (d) failed to request anyone to assist him down the stairway. Unavoidable accident was also pleaded.

The jury found in response to the primary negligence special issues that the Hotel failed to provide the two sections of the stairway under discussion with an adequate system of lighting, failed to provide the stair treads with corrugation or matting, that the handrail was so low a person had to stoop to grasp it, that the risers were of variable heights, that there was a failure to provide any artificial lights at all in the staircase in question, and that the steps were worn so that they were smooth and slippery; further, that all of the foregoing failures, respectively, constituted negligence on the part of the Hotel, except those as to the height of the handrail and the variableness of the heights of the risers; also that all of the failures, except the two just referred to, constituted proximate causes, respectively, of plaintiff's injuries.

The jury found in answer to the special issues on contributory negligence that plaintiff did not fail to keep a proper lookout, did not fail to watch where he was stepping, was not under

the influence of intoxicating liquor; and that his fall was not an unavoidable accident.

No question is raised but that the injuries sustained by plaintiff were of a serious nature, and permanent, or that the amount of the recovery awarded was excessive.

■ It would unduly prolong this opinion to set out at length the testimony. Suffice it to say that there is substantial probative evidence upon which the jury predicated its findings set out above in the matter of the Hotel's primary negligence, to wit, the evidence bearing on the lighting arrangement, showing an absence of artificial lighting to illuminate the entire stair well between the two floors, absence from the steps of matting, carpeting or corrugation, the worn and slippery condition of the steps, slanting toward the front edge; and to the effect they were made more slippery by the wearing down of the treads. Briefly, the testimony was such that reasonable minds could reach opposite conclusions as to whether defendant was primarily negligent. The special issues submitted on this phase of the case were therefore necessarily jury questions and the court did not err in accepting the above findings made in response thereto as determinative that defendant was negligent.

Decisions of whether plaintiff was contributorily negligent is attended with more difficulty than the primary negligence phase of the case. This is true because of some degree of familiarity with the passageway and its condition acquired by him by using it going up and down *in the daytime* while in the city for some fifty per cent of his three-weeks tenancy. The testimony is such that reasonable minds could differ as to whether he was or was not guilty of contributory negligence, and does not compel the conclusion that he was contributorily negligent. This, like the primary negligence question, was one for the jury.

■ There is one phase of the testimony which militates effectively against the conclusion that plaintiff was guilty *as a matter of law* of contributory negligence. He testified that on the occasion of his fall he was descending the stairs the first time after dark, 7:30 p.m.; and that previously he had gone up and down *during daylight*. According to his testimony which, since he prevailed in the trial court, is stated most favorably to his version (Najera v. Great A. & P. Co., 146 Texas 367, 207 S. W. 2d 365), when he had descended the first flight of steps to the landing between the two flights, he turned to his left to go down the lower flight and slipped and fell; that he reached to catch hold of the handrail on that flight; slipping as he did so. That

was the last he remembered until sometime later when he was revived to the extent of becoming semi-conscious by people bending over him on the eighth floor to which he had fallen. "I started to make a step," he said, referring to his movements at the top of the lower section of the stairway, "to the first step, and as I did I reached for the railing—I remember that—because it appeared to be dark, facing the last part of the staircase and the doors there that would not permit any light to come in from the hall of the eighth floor." It is reasonably inferable from the testimony that there was no artificial light on the stairway or in the stair well between the eighth and ninth floors. Defendant's manager testified he thought there was a ceiling light inside the part of the stair well referred to, and under this impression, testified further on cross examination that there "ought" to have been. The Hotel's maintenance man testified concerning a ceiling light on the eighth floor (outside the staircase doors on that floor) that it did not reflect onto the staircase because the doors to it on that floor are kept closed; and that on every other floor the unshaded ceiling bulb similarly situated throws light on the other segments of the staircase because there are no doors to shut it out on these floors. The Hotel room clerk testified that the light in question had "no bearing on these steps whatever," referring to those used by plaintiff, "because these doors are closed." Natural light during the day was admitted through two outside windows immediately over the landing between the two flights of stairs he used, *but these afforded no illumination at night.*

■ Plaintiff had no way of reaching the floor where his room was, or of descending from it, other than by using the stairway between the eighth and ninth floors. While his situation in this regard was voluntary in the sense he willingly became a tenant on the ninth floor, it was involuntary in the sense that it was the only way provided by the Hotel whereby he, as such tenant, could use his room. He was aware, as indicated by his movements, that his predicament had become hazardous but such awareness is not conclusive that he was negligent as a matter of law in making use of the passageway. The law on this subject applicable to the present case, particularly the question of contributory negligence, is so aptly stated in Lang, Jr. v. Henderson, 147 Texas 353, 215 S. W. 2d 585, that the following excerpts from the opinion is incorporated herein;

"It is elementary that the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide. Gulf, Colorado, etc. Ry. Co. v.

Gasscamp, 69 Texas 545, 7 S. W. 227; Temple Electric Light Company v. Halliburton, 104 Texas 493, 140 S. W. 426, 136 S. W. 584; McAfee v. Travis Gas Corporation, 137 Texas 314, 153 S. W. 2d 422. According to the authorities above cited and many others, 'in order that an act shall be deemed negligent per se, * * * *it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it.*' (Emphasis added). Gulf, Colorado, etc. Ry Co. v. Gasscamp, supra. Stating the rule in another way, the court can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a question of law only when from the facts in evidence but one rational inference can be drawn. 38 American Jurisprudence, p. 1054, Sec. 348. It has been said that contributory negligence is a question of fact for the jury when the evidence shows that the plaintiff, with knowledge or chargeable with knowledge of the danger, exercised some care, Henwood v. Gilliam, 207 S. W. 2d 904, application for writ of error refused."

■ We would not be warranted in saying conclusively that if plaintiff had been able to grasp the dimly visible handrail and held to it he could or could not have saved himself from falling, *or that but one rational inference can be drawn from plaintiff's movements just preceding his fall.* His actions may be reasonably viewed as showing an exercise of some care for his safety in reaching for the rail. It is the law that the ordinary invitee can presume that the premises are safe and it is not his duty to search the things offered for defects. Walgreen Texas Co. v. Shivers (Civ. App.), 131 S. W. 2d 650, reversed on other grounds, 137 Texas 493, 154 S. W. 2d 625. Some former tenant of the drug store had made use of the arrangement of the platform, counter and appliances before Mrs. Shivers was injured. The arrangement was not new and the testimony does not disclose any prior mishaps from its use. Mrs. Shivers herself had used it at least once without mishap prior to her fall. This Court, however, remanded the cause for another trial without repudiating or modifying the foregoing statement of the law.

Plaintiff in the present case testified that he fell in making his first night-time use of the stairway.

The cases cited by the Court of Civil Appeals and relied upon by respondent are distinguishable from the present case. Houston National Bank v. Adair, 146 Texas 387, 207 S. W. 2d 374, the case most strongly relied upon by the Hotel, is not in point since in that case neither Mrs. Adair, who fell on the Bank stairway, nor any of the witnesses, testified that it was not well

lighted or that she had any difficulty in seeing the stairs; and there is no testimony that the stairs were uneven, slanting or sloping from being worn down by use, as in the present case. Also, there were no closed doors at the foot of the Bank stairs which prevented admission of any light from that source, as here.

It would be a work of supererogation to analyze authorities other than the one most strongly relied upon by the Hotel, or add to what has been stated concerning the facts. In lieu of discussing other cases the following excerpt from J. Weingarten, Inc. v. Brockman, 134 Texas 451, 135 S. W. 2d 698 (a primary negligence case), is incorporated herein because of the peculiar applicability here of its language, as well as its holdings:

"The issue of whether or not given acts constitute negligence is essentially a jury question. The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that the decision in one could be held to be authority for a like decision in the other. Examining the facts in the case before us, we are of the opinion that an issue is presented on the negligence of plaintiff in error in failing to maintain the premises in a reasonably safe condition. Jurors might conclude that the slight offset of the wide concrete area was deceptive and dangerous. The record does not disclose why such a slight offset should have been maintained or what purpose it served. Plaintiff in error invited the public, including Mrs. Brockman, to come through the north entrance of this store, thereby impliedly representing that it was safe for them to do so. If it was unsafe, the jury might have concluded that plaintiff in error should have made it safe, or, if that could not be done practically, should have discontinued the use of that entrance altogether. *We cannot hold that this slight offset was so obvious as to exonerate plaintiff in error of all negligence as a matter of law.*" (Emphasis added).

What has been said above disposes in effect of the assignments in Appellant Hotel's brief except those charging the trial court erred in permitting the reading to the jury of that part of plaintiff's petition setting up certain provisions of an Ordinance of the City of Dallas and the Dallas Building Code. Inasmuch as the case was tried wholly on the theory of common law negligence, and Respondent made allegations predicated on other Ordinance and Building Code provisions countering those of plaintiff, it is unnecessary that these assignments be further considered.

We find no reversible error committed by the trial court, and therefore sustain petitioner's assignment of error and propositions, on which the writ was granted. We accordingly reverse and set aside the judgment of the Court of Civil Appeals and affirm that of the trial court. It is so ordered.

Opinion delivered March 29, 1950.

Rehearing overruled May 17, 1950.