Elizabeth SPROLES et vir, Appellants,

v.

L. J. SHARP HARDWARE, INC., Appellee.

No. 16963.

Court of Civil Appeals of Texas.

Dallas.

July 28, 1967.

Rehearing Denied Sept. 29, 1967.

Ely Straus, Bowyer & Thomas, Dallas, for appellants.

Edward E. Crowell, Jr., of Gardere, Porter & DeHay, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Plaintiffs appeal from a take nothing judgment following the sustaining of defendant's motion for summary judgment. Mrs. Elizabeth Sproles and husband, Earl Sproles, brought this action against L. J. Sharp Hardware, Inc., seeking damages for personal injuries sustained by Mrs. Sproles when she slipped and fell on the floor of defendant's store. Plaintiffs alleged that Mrs. Sproles fell shortly after she entered defendant's store; that she slipped on a substance described as wax or other chemical substance which defendant had applied to the floor. Plaintiffs contended that defendant corporation was negligent in failing to properly inspect the floor; in failing to properly apply the wax or other chemical substance to the floor; and in failing to warn Mrs. Sproles of the slippery condition of the floor. In its answer defendant alleged that Mrs. Sproles was guilty of contributory negligence in failing to keep a proper lookout for her own safety and that such negligence was a proximate cause of the incident in question. Defendant also alleged that the condition of the floor in question was open and obvious to Mrs. Sproles and that she therefore voluntarily exposed her-

self to the danger of walking upon such surface.

Defendant filed its motion for summary judgment alleging the nonexistence of issuable facts and in support of such motion attached the depositions of Mrs. Elizabeth Sproles and Mr. Raymond P. Smith, manager of defendant's store. Plaintiffs countered this motion with their verified answer to which was attached an affidavit of Mrs. Sam T. Smith.

The facts contained in the depositions and affidavit are practically without dispute. The material portions thereof may be fairly summarized as follows:

Mrs. Sproles, 72 years of age, testified that on December 9, 1964 she entered the Sharp hardware store with a friend, Mrs. Sam T. Smith, for the purpose of doing some shopping. Her eyesight was perfectly all right for seeing at a distance and she only wore glasses for reading. She had been in this same store frequently as a customer on prior occasions. Mrs. Smith preceded her into the store and as she was following Mrs. Smith her left foot slipped and she fell to the floor. At the time of this incident the premises were well lighted and she had no difficulty seeing objects in the store. She was wearing shoes with leather soles and a one and one-half inch heel with a rubber tip. She did not know exactly how many steps she had taken inside the store before she fell but it was only a short distance. As she entered the store and before she fell she did not look at the floor and therefore does not know what its appearance was at the time. She testified she didn't pay any attention to it saying "You just don't look at things like that. Ordinarily everything in stores is nice, well kept." She stated that she did not look at the floor either before she fell or after she fell. She testified that she did not know what caused her to fall. She never made an inspection of the floor to determine what caused her to fall because, following her fall, she was suffering too much pain.

Raymond P. Smith testified that he was manager of the Sharp hardware store and had occupied this position for several years. He supervised seven employees, including a porter. The floors in the store were constructed of asphalt tile. Concerning cleaning the floors he related that the floors were swept each morning and mopped once a week. The floors were waxed twice a year with a "tree-wax" which did not require any buffing. He remembered the occasion when Mrs. Sproles fell on the floor and testified that the floor had been waxed a day or two before this occasion. In addition to the waxing the floor had been swept about two hours prior to Mrs. Sproles' fall with a sawdust mixture with an oil base. He said that the floors "might have a little gloss" on them when they were clean or swept. He did not actually see Mrs. Sproles fall but his attention was directed to her on the floor. She was some ten or twelve feet inside the front door of the store on the floor. Following her fall he "kicked his foot around in it on the floor" and said that it was not any more slippery than "usual". He observed no marks or scratches on the floor where Mrs. Sproles fell. He testified in answer to a question that he did not warn anyone about the floor being recently waxed and that no one had ever fallen or slipped on the floor before that time. He also said that he did not inspect the floor where Mrs. Sproles fell either before or afterwards but that he had walked over the floor several times during the two-day period following the waxing process and was familiar with the condition the floor was in at the time.

Mrs. Sam T. Smith executed an affidavit in which she related that she was with her friend Mrs. Sproles on the occasion; that she, Mrs. Smith, preceded Mrs. Sproles into the store on the morning in question. She said she was walking about ten feet inside the store when she "noticed and felt that the floor was unusually slippery under foot and felt that it had been newly

waxed or in the process of being waxed." She related that she was "about to turn around and warn Mrs. Sproles about the condition of the floor when I heard Mrs. Sproles say 'Oh' and Mrs. Sproles had fallen to the floor." She aided in assisting Mrs. Sproles to the hospital and while at the hospital she said she noticed "something on the heel of one of her shoes. I removed the shoe from her foot and found that it had a substance on the heel which resembled floor wax. I smelled the substance and it smelled like floor wax."

## OPINION

Appellants, in five points of error briefed together, contend that the trial court was in error in granting the motion for summary judgment filed by appellee corporation in that the record before the court demonstrated the issuable facts, i. e., (1) that appellee had breached its duty to Mrs. Sproles, a business invitee, by failing to properly inspect the waxed floor and to warn her of its slippery condition; and (2) that the question of whether the condition of the floor was open and obvious to Mrs. Sproles presented an issue of fact. Appellee, in its responding brief, contends that the record demonstrates conclusively (1) no duty on the part of appellee corporation to Mrs. Sproles; and (2) that Mrs. Sproles was guilty of contributory negligence as a matter of law which proximately caused her injuries.

■ In determining whether the trial court was correct in sustaining a motion for summary judgment our path of appellate review is well lighted by established principles enunciated by our Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (1965). These rules, simply stated, are (1) the burden of proof is on the movant, and all doubt as to the existence of a genuine issue as to a material

fact is resolved against him; (2) the evidence must be viewed in the light most favorable to the party opposing the motion; (3) if the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted; and (4) all conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true.

Guidelines for determining the liability of an owner or occupant of premises to an invitee are also clearly delineated.

■ While an occupier of the land or premises is not held by the law to be an insurer of the safety of invitees* such occupier is required to keep his land or premises in reasonably safe condition for invitees, and has the duty thereunder to inspect and discover dangerous conditions, and if dangers are not open and obvious he has the duty to take such precautions as reasonably prudent persons would have taken to protect such invitees therefrom and to warn them thereof. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963); Strakos v. Gehring, 360 S.W.2d 787 (Tex.Sup.1962); Harvey v. Seale, 362 S.W.2d 310 (Tex.Sup.1962); J. Weingarten, Inc. v. Tyra, 381 S.W.2d 215 (Tex.Civ.App., Tyler 1964); 40 Tex. Jur.2d, § 58, p. 532 et seq.

■ Ordinarily a guest or invitee upon premises has the right to presume that such premises are kept in safe condition for his use and is under no legal obligation to search out defects. Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357 (1950); Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953); City of Fort Worth v. Barlow, 313 S.W.2d 906 (Tex.Civ.App., Fort Worth 1958, writ ref'd n. r. e.). The liability of the owner or occupant for failure to render

---

* Parker Food Stores, Inc. v. Pierce, 374 S.W.2d 699 (Tex.Civ.App., Fort Worth 1964, writ ref'd n. r. e.); J. Weingarten, Inc. v. Tyra, 381 S.W.2d 215 (Tex.Civ. App., Tyler 1964).

the premises safe for an invitee, or to warn him of dangers thereon, must be predicated on knowledge thereof which is superior to that of the invitee. Camp v. Kirkpatrick Co., 250 S.W.2d 413 (Tex.Civ. App., San Antonio 1952, writ ref'd n. r. e.) ; Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963).

The "no duty" doctrine relied upon by appellee was clearly enunciated by the Supreme Court in Halepeska v. Callihan Interests, Inc., supra:

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. [Citing cases.] His duty is to protect his invitees from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he *should* know in the exercise of ordinary·care. If there are dangers which are not open and obvious, he is under a *duty* to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them 'no duty' to warn or to protect the invitees. This is so, the cases say, because there is 'no duty' to warn a person of things he already knows, or of dangerous conditions or activities which are *so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof.* [Citing authorities.]

"So in a suit by an invitee against the occupier, the invitee must not only prove that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but he must also prove, as part of the plaintiff's case, that the occupier owed him a *duty* to take reasonable pre-

cautions to warn him or protect him from such danger, i. e., the plaintiff must negative 'no duty.' "

Justice Greenhill, the author of the opinion in the Halepeska case, discusses the question as to the actual knowledge and appreciation of danger on the part of the plaintiff, as distinguished from what the plaintiff should have known and appreciated, in an article in the Texas Bar Journal, Vol. 28, No. 1, p. 62, dated January 22, 1965:

"In McKee v. Patterson it was said that the Plaintiff could not recover if he *knew* of the conditions, and appreciated the danger, or *should have known* and appreciated the danger. The particular language which caused the difficulty was the statement that under some conditions, it might be an issue of fact for the jury as to whether the plaintiff-invitee should have known of the danger. In the Halepeska opinion, the Court reconsidered the 'should have known' and 'should have appreciated'. It narrowed the factual inquiries to knowledge and appreciation of the danger as distinguished from 'should have known and appreciated'. The Court reasoned that a person could not make any sort of intelligent choice if he did not know of the danger or appreciate the extent of it. Perhaps a plaintiff, as a prudent person, *should* have known and appreciated the danger, but he did not. That question, however, is one of contributory negligence and may be separately submitted along with proximate cause. What the Supreme Court did in the recent Halepeska case was to be more certain that the plaintiff *did* know of the danger and *did* appreciate the risk. These, with knowledge of the conditions, are the basic ingredients."

An application of the facts presented in this case to the law above recited impels us to the conclusion that the "no duty" doctrine relied upon by appellee cannot be invoked to support the trial

court's judgment. We think there was clearly a duty imposed upon appellee to exercise ordinary care as an occupier of premises to keep such premises in a reasonably safe condition for invitees, such as Mrs. Sproles. Pursuant to such duty appellee had the duty to inspect and discover conditions which are dangerous and to take prudent steps to warn invitees of such conditions. Under the undisputed facts here the waxing of the floor in question was only performed twice a year. The fact that the floor was slippery is established by the testimony of Mrs. Smith to the effect that the floor was "unusually slippery under foot." We must accept this evidence and ignore any contrary evidence of appellee. The fact that the floor was "unusually slippery" being established it necessarily follows that appellee knew or should have known of such condition. H. E. Butt Grocery Co. v. Quick, 396 S.W.2d 541 (Tex.Civ.App., San Antonio 1965, no writ); Robert E. McKee, General Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (Tex.Sup.1954). Appellee says that the slippery condition was open and obvious to Mrs. Sproles. There is no evidence that Mrs. Sproles actually knew of the condition of the floor. As the court said in Western Union Tel. Co. v. McDavitt, 257 S.W.2d 319, 323 (Tex.Civ. App., Austin 1953, writ ref'd n. r. e.), "It is undeniable of course that the floor itself was obvious to appellee but it is not undeniable that the slippery * * * condition of the floor was open and obvious to her."

Mrs. Smith says she "noticed and felt that the floor was unusually slippery under foot" which might reasonably carry the implication that she saw as well as felt the condition. However, as the court said in Vanlandingham v. First Savings & Loan Ass'n, 410 S.W.2d 218 (Tex.Civ.App., El Paso 1966, writ ref'd n. r. e.), which involved a very similar state of facts, we are not entirely satisfied that Mrs. Sproles could determine by visual observation alone that the floor was slippery. As the court

there says, "slippery" is a condition better determined by the sense of feel, rather than sight. "It is not something which, in the words of the comic-strip character, 'any fool could plainly see'". The court, in considering the identical contention raised as to knowledge of the person who slipped, after discussing the Halepeska decision, said:

"The question is as to the actual knowledge and appreciation of this plaintiff, as distinguished from what she should have known and appreciated. She could not intelligently choose to encounter a risk of which she did not actually know, even if she should have known."

So, as Justice Greenhill explained, perhaps Mrs. Sproles, as a prudent person, *should* have known and appreciated the danger, but she did not. This resolves itself into a question of contributory negligence.

Having concluded that the "no duty" doctrine does not apply to the factual situation here presented, we move to the remaining question, to-wit, if there was a duty on the part of appellee to properly inspect and to warn, was Mrs. Sproles guilty of contributory negligence as a matter of law in failing to keep the proper lookout for her own safety on the occasion in question?

Proper lookout is ordinarily a question of fact to be determined by a court or a jury. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). In determining whether a person was guilty of contributory negligence as a matter of law in failing to keep a proper lookout for the approach of a train in the face of undisputed testimony concerning flashing signal lights, as well as other warning devices, the Supreme Court in Texas & Pacific Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332 (1946), said:

"Contributory negligence barring a recovery as a matter of law is a conclusion sometimes compelled by the evidence, but

such cases are relatively rare. Ordinarily this question is for the trier of facts and only becomes a matter of law for the court when but one reasonable conclusion can be drawn from all the testimony. [Citing cases.] It is obvious that had Day been more cautious, he would not have been injured. But whether the precautions he took amounted to due care was properly left to the jury."

Again the Supreme Court in Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357 (1950), quoting from the opinion of the Supreme Court in Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948), said:

"It is elementary that the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide. [Citing cases.] According to the authorities above cited and many others * * * 'In order that an act shall be deemed negligent per se, * * * it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it.' "

The Supreme Court in Blanks v. Southland Hotel, supra, pointed out that the defendant in that case invited the public, including the plaintiff, to come through the entrance of the store, thereby impliedly representing that it was safe for them to do so. In this case Mrs. Sproles had frequently been in the store in question but there is no evidence that she had ever been there soon after the floor had been waxed as on the occasion in question. Admittedly she did not look down at the floor either before or after she fell but, as pointed out above, a trier of fact might easily and logically conclude that the condition was discoverable more by feel than by sight. The record does not convince us without "hesitation or doubt" that the action on the part of Mrs. Sproles on the occasion in question was so opposed to the dictates of common prudence that no

careful person would have acted as she did under the circumstances. We believe that the question of her failure to keep a proper lookout for her own safety, and whether such failure was a proximate cause of her injuries, must be determined by a trier of fact.

Being of the opinion that the motion for summary judgment was improvidently granted, the judgment of the trial court must be reversed and remanded.

Reversed and remanded.