**O. R. CAREY and Wife Nora E., Appellants,**

**v.**

**FURRS, INC., Appellee.**

**No. 8040.**

Court of Civil Appeals of Texas, Amarillo.

June 1, 1970.

Rehearing Denied June 29, 1970.

Huffaker & Green, and Gerald Huffaker, Tahoka, for appellants.

Crenshaw, Dupree & Milam, and Cecil Kuhne, Lubbock, for appellee.

JOY, Justice.

This is a slip and fall case brought for personal injuries. Trial was with a jury and from adverse judgment, plaintiffs have appealed. Affirmed.

Plaintiff, Nora E. Carey, and husband were shopping at defendant Furrs' grocery store with the use of a grocery cart. Upon approaching the check-out counter, Mrs. Carey remembered that she intended to purchase some bird seed. Upon returning to the check-out counter with that item Mrs. Carey stepped to the side to pass another shopper's cart and stepped upon some popcorn that an employee of Furrs had begun to sweep up but had not completed the cleanup as he had stopped to help another customer. Mrs. Carey slipped upon the popcorn and fell suffering bodily injuries for which this suit was brought. Trial was had to a jury and upon adverse findings to special issues, plaintiffs were denied judgment which was rendered for defendant Furrs. The parties will be referred to hereinafter as they appeared in the trial court.

Plaintiff brings this case upon some 18 assignments of error of which points one through six are grouped in their brief and are treated likewise here. These first six points of error are no evidence and insufficient evidence contentions in reference to Special Issues 8, 8a and 9. Special Issues 8 and 8a inquire as to the proper lookout and proximate cause in reference to the actions of Mrs. Carey and Issue 9 inquires as to whether the condition of the floor existing at that time was open and obvious to Mrs. Carey. In reference to the issues wherein the jury found improper lookout, proximate cause and the condition open and obvious against the plaintiffs, we find in the record that both Mr. and Mrs. Carey passed by the pile of trash or popcorn on their way to the check-out counter, although Mr. Carey was the only one of the two that apparently saw the pile of trash or popcorn at that time. We find no reason in the record for Mrs. Carey's failure to also observe the pile of trash or popcorn. We are of the opinion that there was some evidence of probative force from which the jury could find improper lookout, proximate cause and a condition open and obvious against the plaintiff, Mrs. Carey. Plaintiffs contend that by reason of the fact that Mrs. Carey had to step around another customer's grocery cart that she was unable to see the pile of trash. We find nothing in the record to definitely refute or confirm this position. Mrs. Carey testified in part as follows:

"A. I had to step around this cart and when I did, that's when—

Q. You had to step around a cart?

A. Someone was pushing a cart.

Q. Which way did you step around it, right or left?

A. To the right.

Q. You stepped out more toward the center of the aisle?

A. Well, it must have been. I don't remember how many steps I had taken. I had just got my seed and got out in the aisle good and had to step around this cart and that's when I hit this corn.

Q. All right. To your knowledge, then—I would like to ask whether,

to your knowledge, you actually stepped in or on a pile of trash?

A. I don't know what it—I didn't see until after it was scattered and I saw some paper and popcorn after Mrs. Brownlow said, 'She slipped on that corn'."

From the evidence we are unable to determine the position of the pile of trash in relation to the cart that Mrs. Carey testified that she had to step around, therefore, we cannot say that she was unable to see the trash as she stepped around the cart. The evidence reflects that the store was well lighted and no other reason is shown to indicate why Mrs. Carey was unable to see the pile of trash before she stepped on it. In reviewing the no evidence and insufficient evidence points, we have adhered to the rules announced in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We find there is sufficient evidence from which a jury could conclude, as they did, that Mrs. Carey failed to keep a proper lookout which was a proximate cause of her injuries. The same is true as to the open and obvious condition of the floor. The question of contributory negligence was properly left to the trier of the facts. See Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357 (1950).

Plaintiffs' points 7 and 8 contend error in the trial court in refusing to permit plaintiff to cross examine and impeach the witness Cunningham, the janitor at defendant's place of business who had swept the trash in the aisle. The witness was cross examined by plaintiff and ruled by the trial court as not being adverse or hostile to plaintiff under Rule 182, Texas Rules of Civil Procedure. Defendant being a corporation and the witness being an agent or employee of the defendant, we need only determine whether or not the witness was, as stated in the rule, "in control of the particular matter and things under investigation * * *." We are of the opinion that he was and therefore the plaintiff should have been permitted to

lead and impeach him. Cunningham was the janitor of the building for the defendant and as such a part of his duties involved the cleaning of the floors. However, before we can hold that the error was reversible, we must find that the refusal to permit the plaintiff to lead and impeach the witness was calculated to cause and probably did cause the rendition of an improper verdict. Rule 434, T.R.C.P. The witness Cunningham testified at the trial that he had used a 42 inch broom in sweeping the floor. On his deposition taken prior to the trial he had testified the broom was 26 inches in size. At the trial the witness further testified that he had made two sweeps with the broom and on deposition he had testified that he had made one sweep. We do not think that the testimony excluded by the court caused the rendition of an improper verdict by the jury. The witness testified that the popcorn or trash pile was located between counters numbered five and six, identified as the location where Mrs. Carey had fallen. Plaintiffs' points 7 and 8 are overruled.

Plaintiffs' points 9 and 17 contend error in submission of Special Issue 9 for the reason that no corollary issues of negligence and proximate cause was submitted, and said issue failed to inquire whether or not the plaintiff Mrs. Carey, in the exercise of ordinary care, should have observed a particular condition of the floor, and that her failure to observe such condition was negligence and a proximate cause of her injuries. As we read the expressions of the Supreme Court upon the "no duty" concept in this state, we conclude that "should have known of" and "should have appreciated" the dangerous condition are related not to the "no duty" of the defendant, but to issues of contributory negligence of the plaintiff. See Scott v. Liebman, 404 S.W.2d 288 (Sup.Ct.1966); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Sup.Ct.1963). The instruction given by the court in reference to Special Issue 9 instructing the jury that "a

condition is open and obvious * * * if such person knows, or in the exercise of ordinary care should know of it, and if such person also appreciates, or in the exercise of ordinary prudence should appreciate the full extent of the danger * * *" is not a proper instruction. However, in view of the submission of Special Issues 8 and 8a which are issues of contributory negligence and proximate cause of plaintiff which were answered against the plaintiff, we do not think the error was such as to have influenced the jury to render an improper verdict. Rule 434, T.R.C.P.

All of the points raised by the plaintiff have been carefully considered and we find them without merit.

The judgment of the trial court is affirmed.

DENTON, C. J., not participating.