**Martin Reeves CARTER, Sr. and Larry Wilson, Appellants,**

v.

**TEMPLE–INLAND FOREST PRODUCTS CORPORA- TION, Appellee.**

No. 09–96–089 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 13, 1997.

Decided April 24, 1997.

James I. Potts, Houston, for appellant.

D. Allan Jones, Orgain, Bell & Tucker, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

### OPINION

BURGESS, Justice.

This is a summary judgment case. Martin Reeves Carter, Sr. and Larry Wilson, electricians employed by Biskamp Electric Co., were exposed to asbestos on the premises of Temple–Inland Forest Products Corporation (Temple) for a short period. Carter and Wilson sued Temple for negligence and gross negligence due to this exposure. Temple

filed a motion for summary judgment alleging the evidence showed neither Carter nor Wilson had any lung damage or respiratory problems traceable to any asbestos exposure and there was no reasonable medical probability that either would develop cancer or other health problems related to their asbestos exposure at the Temple facility, thus their claims were in reality nothing more than a claim for negligent infliction of emotional distress; no longer a cause of action in Texas. *Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993).

■ The issue is whether there can be a recovery where the cause of action is for fear of cancer (or some other disease for that matter) produced by exposure to the causative agent but the evidence shows the plaintiff does not have, and in reasonable medical probability will not have, cancer. This issue has been answered in the affirmative.

In *Drury v. Baptist Memorial Hospital*, 933 S.W.2d 668 (Tex.App.—San Antonio 1996, writ requested), when deciding whether a recovery exists for the fear of contracting AIDS, the court noted *Watkins v. Fibreboard Corp.* 994 F.2d 253, 258 (5th Cir.1993) sustained an award of mental anguish damages where the fear of cancer was based upon actual exposure to asbestos and *Fibreboard Corp. v. Pool*, 813 S.W.2d 658, 675 (Tex.App.—Texarkana 1991, writ denied), *cert. denied*, 509 U.S. 923, 113 S.Ct. 3037, 125 L.Ed.2d 724 (1993), allowed recovery for mental anguish where the fear of contracting cancer was reasonable in light of actual exposure to asbestos. *See also Casarez v. NME Hospitals, Inc.* 883 S.W.2d 360, 366 (Tex. App.—El Paso 1994, writ dism'd by agr.).

The court in *Watkins*, 994 F.2d at 257, noted the jury was instructed:

A plaintiff is entitled to recover compensation for *mental anguish*, proximately caused by his asbestos exposure, even if such distress *arises from fear of diseases that are a substantial concern but not medically probable*. The fact that the evidence may not establish a reasonable medical probability that the plaintiff will develop an asbestos-related disease is *relevant to the jury's determination of the reasonableness of the anguish he feels* and the amount of compensation to which he may be entitled. (Emphasis added).

The court then stated:

We conclude that a rational juror answering the interrogatories in the light of the law, as stated by the trial judge, could find here that a plaintiff may recover compensation for mental anguish, "proximately caused by his asbestos exposure, even if such distress arises from fear of diseases that are a substantial concern but not medically probable." The medical probability that the plaintiff will develop an asbestos-related disease bears on the "reasonableness of the anguish he feels and the amount of compensation to which he may be entitled." That is the law in Texas. That is what the jury undoubtedly understood when it found that the plaintiffs were entitled to recover for mental anguish, even though a plaintiff did not have asbestosis and it was not medically probable that his exposure would result in asbestosis.

994 F.2d at 257.

The court went on to discuss *Fibreboard v. Pool*, 813 S.W.2d at 658, and concluded the case held:

The jury need not find any current asbestos related disease and may believe that the plaintiff will never suffer from an asbestos related disease, yet still award damages for the fear of one day suffering from an asbestos related disease so long as that fear is reasonable in light of the nature of the exposure.

994 F.2d at 259.

The court also discussed a prior case, *Dartez v. Fibreboard Corp.* 765 F.2d 456 (5th Cir.1985):

A few years before *Pool*, this Court arrived at the same conclusion reached by the Texas courts, based on its analysis of Texas law. In *Dartez v. Fibreboard*, this Court said: "Under Texas law [the plaintiff] is entitled to compensation for mental anguish proximately caused by his asbestos exposure, even if such distress arises from fear of diseases that are a substantial concern, but not medically probable. The fact that the evidence does not establish a

reasonable medical probability that *Dartez* will develop either disease is relevant to the jury's determination of the reasonableness of the anguish he feels and the amount of compensation to which he is entitled."

994 F.2d at 259.

In *Fibreboard Corp. v. Pool,* 813 S.W.2d at 675, the trial court gave the following jury instruction concerning the probability of cancer in the future:

, In answering this question as to each future element of damage I instruct you that you may consider and compensate for in your answer cancer or mesothelioma which you find from a preponderance of the evidence he will suffer in the future in reasonable probability. If you do not find that he will in reasonable probability suffer a cancer or mesothelioma, you may consider and compensate the plaintiff for any mental anguish he has suffered or will suffer in the future from his reasonable fear, if any, of cancer and mesothelioma he might suffer from his asbestos exposure, distinct from any fear of cancer which all persons might have.

The Texarkana court, in discussing that instruction, said:

The last portion of the cancer instruction itself limits the mental anguish to that which he has suffered or will suffer from his reasonable fear of "cancer or mesothelioma" he might suffer from his asbestos exposure.

*Id.*

Consequently, it is well established a plaintiff may recover for mental anguish based upon fear of cancer even though the evidence shows the plaintiff does not have, and in reasonable medical probability, will not have cancer, so long as there has been exposure to the causative agent and the fear is reasonable.

■ Although not specifically raised or argued by Temple, we will address the issue of "reasonable fear." The summary judgment

evidence was that the plaintiffs' probability of developing cancer was from one in a hundred (1.0%) to one in five hundred thousand (0.0002%). However, as noted in *Watkins,* 994 F.2d at 257:

The medical probability that the plaintiff will develop an asbestos-related disease bears on the "reasonableness of the anguish he feels and the amount of compensation to which he may be entitled." That is the law in Texas.

Also, in *Dartez,* 765 F.2d at 468, the court stated:

Under Texas law [the plaintiff] is entitled to compensation for mental anguish proximately caused by his asbestos exposure, even if such distress arises from fear of diseases that are a substantial concern, but not medically probable. The fact that the evidence does not establish a reasonable medical probability that Dartez will develop either disease is relevant to the jury's determination of the reasonableness of the anguish he feels and the amount of compensation to which he is entitled.

Historically, in Texas, whether conduct is reasonable is ordinarily a question of fact. *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 456 (Tex.1972) citing *Blanks v. Southland Hotel,* 149 Tex. 139, 229 S.W.2d 357 (1950); *Lang v. Henderson,* 147 Tex. 353, 215 S.W.2d 585 (1948); *McAfee v. Travis Gas Corp.,* 137 Tex. 314, 153 S.W.2d 442 (1941); *J. Weingarten, Inc. v. Brockman,* 134 Tex. 451, 135 S.W.2d 698 (1940). Just recently the El Paso Court of Appeals observed: "Furthermore, the question of reasonableness is one peculiarly tailored to the province of the jury." *Tri–State Wholesale Assoc. Grocers, Inc. v. Barrera,* 917 S.W.2d 391, 397 (Tex.App.—El Paso 1996, writ dism'd by agr.).

Although the medical probabilities are quite low, we are unwilling to say the plaintiffs' fear of cancer is unreasonable, as a matter of law.[1] The summary judgment as

1. We recognize this may be considered a close question. However, it is this writer's opinion that if we held the other way our Texas Supreme Court would be unlikely to review our decision.

Whereas, it being this court, this topic and this ruling, it is more probable than not our decision will be reviewed, and it should be.

to the negligence claims is reversed and the case remanded for trial on that claim.

Rather than remand en toto, we must consider the gross negligence claim. *See Bandera Electric Coop., Inc. v. Gilchrist,* 40 Tex. Sup.Ct. J. 441, —— S.W.2d ——, 1997 WL 126859 (March 21, 1997) (not yet reported). Temple raised the issue in their motion, relying upon *Universal Services Company, Inc. v. Ung,* 904 S.W.2d 638 (Tex.1995) and *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994). Carter and Wilson did not address the issue in their response. Neither party briefed the issue in this court. Never-the-less, we have reviewed the summary judgment evidence under the appropriate standard. No genuine issue of material fact has been raised as to either the objective or the subjective branch of the *Moriel* test. The summary judgment as to the gross negligence claim is affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

WALKER, Chief Justice, Dissenting.

I respectfully dissent. The majority correctly states: "The summary judgment evidence was that the plaintiffs' probability of developing cancer was from one in a hundred (1.0%) · to one in five hundred thousand (0.0002%)." The majority admits these medical probabilities are quite low, yet are unwilling to say a fear of cancer from this slight risk is unreasonable, as a matter of law.

Unlike the majority, I do not consider this a close question. Dr. Jenkins acknowledged in some past cases, in talking to men who were exposed to asbestos about the risk of developing health problems from that exposure, he used the example they probably had a greater risk of harm from traffic while driving to his office than they did from their asbestos exposure. When asked if that analogy would hold true with regards to Carter and Wilson, Dr. Jenkins replied: "Probably so." This says more· about the risk, and whether fear from this risk is reasonable, than any attempt at a numerical probability. Using this very common sense standard, I would hold Carter's and Wilson's fear of cancer is not a reasonable one. I would affirm the summary judgment on that ground.